FILED
SUPERIOR COURT
OF GUAM

2019 FEB 19 PM 1: 35

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MESKLA ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DKY CRUZ, INC.,<br><br>Defendant. | **Superior Court Case No. CV1026-18**<br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO STRIKE OR DISMISS** |

This Court here considers Defendant DKY Cruz, Inc.'s Motion to Strike or Dismiss the portion of Plaintiff Meskla Enterprises, LLC's Reformation of Lease claim grounded in fraud. Having considered the parties' arguments and applicable law, the Court determines that the Motion is untimely and lacks foundation. The Court therefore DENIES DKY's Motion.

## I. PROCEDURAL BACKGROUND

Meskla filed this suit seeking a determination over whether its lease contract with DKY included a building that encroached on an adjacent property and has now been dismantled. Compl. ¶ 7 (Oct. 25, 2018). Meskla seeks to reform the lease "so as to correctly express the intention of the parties, and adjust the Lease rents accordingly." *Id.* ¶ 18. To support its reformation claim, Meskla alleges fraud among other bases: "Either through fraud, a mutual mistake by both parties, or a mistake by Meskla . . . which DKY Cruz knew of or suspected at the time of the signing of the Lease, the Lease does not truly express the intention of the parties . . . ." Compl. ¶ 17.

DKY answered the Complaint, denied the reformation and fraud claim, and advanced 12 affirmative defenses. Answer (Nov. 6, 2019). Subsequent to the Answer, DKY moved to strike or

ORIGINAL

dismiss the Complaint. DKY argues that Meskla failed to plead fraud with particularity or to state a claim upon which relief can be granted, in violation of GRCP 9(b) and 12(b)(6). Meskla, in response, contends that it sufficiently stated a claim for reformation and mirrored Guam's law on the revision of contracts: "When Contract May Be Revised. When through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention . . . ." 20 GCA § 3230.

## I.   LAW AND DISCUSSION

### A. Striking is an Improper Remedy

The Court first addresses the requested relief of "striking" the allegation of reformation due to fraud. Under GRCP 12(f), a motion to strike may be filed to strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Meskla's reformation claim is a claim, not a defense; nor is it redundant, immaterial, impertinent or scandalous. It is plainly stated and a material part of the Complaint. The Court therefore DENIES the Motion to Strike the reformation claim under Rule 12(f).

### B. Timing of the Motion to Dismiss

The Court now proceeds to DKY's Rule 12(b)(6) Motion to Dismiss. A motion based on a failure to state a claim for relief "shall be made *before* pleading." GRCP 12(b) (emphasis added). Once filed, an answer signifies that the defendant understands the circumstances surrounding the pleading and that a claim has been adequately stated. Here, DKY filed an answer responding to all allegations in the Complaint *before* filing the Motion to Dismiss--indicating



that it understood the pleading and admitting that a claim for relief had been adequately stated. Its delay in seeking dismissal renders the Motion untimely.

### C. Rule 12(b)(6) & Rule 9

Even though the Motion to Dismiss is untimely, the Court also denies the Motion on its merits. A complaint may be dismissed pursuant to GRCP 12(b)(6) if a party fails to state a claim upon which relief can be granted. DKY claims that the Complaint fails to state a claim for relief because it fails to meet the particularity standard under GRCP 9. Rule 9(b) requires that pleadings averring fraud be pleaded with particularity and that "[m]alice, intent, knowledge, and other conditions of mind of a person [] be averred generally." However, a "plaintiff need not prove his claim of fraud at the pleadings stage" - a plaintiff need only include "sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 16. This standard is described as the "who, what, when, where, and how requirement." *Id.*

Meskla's pleading meets Rule 9(b)'s requirements. Meskla's complaint alleges facts that when taken as true satisfy the who, what, when, where, and how requirements: (1) who and what: Meskla and DKY entered into a lease contract (Compl. ¶¶ 2-3); (2) when and where: at the time of the lease agreement, which Meskla attached to the Complaint (Compl. ¶¶ 17, Ex. 1); and (3) how: DKY knew that Meskla relied on DKY's representation that it owned all property under the lease (Compl. ¶ 17). In other words, Meskla's Complaint informs DKY that the particular fraudulent conduct it must defend against to defeat a lease reformation is that it knowingly leased Meskla property it did not own when it signed the lease. Accordingly, Meskla has satisfied the heightened particularity pleading standard set out in Rule 9(b).


ORIGINAL

Finally, the particularity requirement ensures that a defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). This is the argument DKY advances--that it cannot prepare a defense without particularized allegations. However, as already pointed out, DKY answered the Complaint indicating it had enough information to prepare its initial defense. DKY now also has the opportunity to uncover further information supporting Meskla's reformation allegation through discovery.

## II.    CONCLUSION AND ORDER

Based on the aforementioned reasons, the Court **DENIES** DKY's Motion to Strike or Dismiss.

SO ORDERED this 19th day of February 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Jon A. Visosky, Esq. of Roberts, Fowler & Visosky LLP for Meskla Enterprises, LLC.
Gary Wayne Francis Gumataotao, Esq., for DKY Cruz, Inc.